UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Bruce Wyche, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cv-0580-RLV-RGV |
| ) | |
| First Investors Servicing Corporation; ) | |
| Does 1-10 Inclusive, ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO THE COMPLAINT BY DEFENDANT FIRST INVESTORS SERVICING CORPORATION**

Defendant First Investors Servicing Corporation ("FISC") answers Plaintiff Bruce Wyche's Complaint (ECF Doc. # 1) as follows.

### Introduction

Plaintiff Bruce Wyche's claims fail because FISC did not violate any law that applies to this case. Mr. Wyche, moreover, entered into an Arbitration Agreement, and he should be compelled to arbitrate his baseless claims.

### Answer to Jurisdiction Allegations

1.  FISC denies the allegations in Paragraph One of the Complaint.

2.  FISC denies the allegations in Paragraph Two of the Complaint.

3. In response to Paragraph Three of the Complaint, FISC admits that venue is proper in this District, that FISC conducts business in this District, and that the events at issue occurred in this District. FISC denies liability and any wrongdoing, and denies the remaining allegations in this paragraph.

### Answer to Parties Allegations

4. FISC admits the allegations in Paragraph Four of the Complaint.

5. In response to Paragraph Five of the Complaint, FISC admits that it has an address at 380 Interstate North Parkway, Suite 300, Atlanta, Georgia 30339, and that it conducts business from that address. FISC denies that it was a "debt collector," as defined by 15 U.S.C. § 1692a(6), under the circumstances of this case. FISC denies the remaining allegations in this paragraph.

6. FISC is without information or knowledge sufficient to admit or deny the allegations in Paragraph Six of the Complaint.

7. FISC is without information or knowledge sufficient to admit or deny the allegations in Paragraph Seven of the Complaint.

### Answer to Allegations Applicable to All Counts

8. In response to Paragraph Eight of the Complaint, FISC admits that Bruce Wyche obtained the loan at issue from the original lender.

9. FISC admits the allegations in Paragraph Nine of the Complaint.

10. FISC admits the allegations in Paragraph 10 of the Complaint, and further states that FISC began servicing the loan before Bruce Wyche defaulted on the loan.

11. FISC denies the allegations in Paragraph 11 of the Complaint.

12. FISC admits the allegations in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, FISC admits that Derek Clayton spoke with Bruce Wyche regarding the loan at issue and payments on that loan. FISC denies that Derek Clayton "threatened to garnish Plaintiff's wages" and denies any remaining allegations in this paragraph.

14. FISC is without information or knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Complaint.

## Answer to Count I

15. FISC incorporates the above responses in response to Paragraph 15 of the Complaint.

16. FISC denies the allegations in Paragraph 16 of the Complaint.

17. FISC denies the allegations in Paragraph 17 of the Complaint.

18. FISC denies the allegations in Paragraph 18 of the Complaint.

## Answer to Count II

19. FISC incorporates the above responses in response to Paragraph 19 of the Complaint.

20. FISC admits the allegations in Paragraph 20 of the Complaint.

21. FISC denies the allegations in Paragraph 21 of the Complaint.

22. FISC denies the allegations in Paragraph 22 of the Complaint.

23. FISC is without information or knowledge sufficient to admit or deny the allegations in Paragraph 23 of the Complaint.

24. FISC denies the allegations in Paragraph 24 of the Complaint.

## General Answer

25. FISC denies any allegations in the Complaint that FISC did not expressly admit herein.

## Defenses

1. Bruce Wyche is required to arbitrate this matter per an Arbitration Agreement. FISC incorporates its "Motion to Compel Arbitration and Stay Further Proceedings."

2. Bruce Wyche failed to state a claim upon which the Court may grant relief.

3. FISC is not a "debt collector" under 15 U.S.C. § 1692a(6) regarding the loan at issue because FISC began servicing the loan before Bruce Wyche, the debtor, defaulted on the loan. *See* 15 U.S.C. § 1692a(6)(F)(iii); *Fenello v. Bank of Am., N.A.*, 926 F. Supp.2d 1342, 1350-51 (N.D. Ga. 2013); *see also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir. 1996) (defendant not a "debt collector" under FDCPA even if debt owned by another, because defendant obtained the debt for servicing before the debt went into default); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (debt servicer not "debt collector" under FDCPA because debt not in default when debt servicer started servicing the debt).

4. Bruce Wyche's claims are limited or fail because the alleged actions were, at worst, a bona fide error. *See* 15 USC § 1692k(c); O.C.G.A. § 10-1-400.

5. The alleged statements were neither a misrepresentation nor an unfair or deceptive practice.

**Prayer for Relief**

FISC requests the dismissal of the claims against it, judgment in its favor, and an award of its reasonable attorney's fees and costs.

Date: April 1, 2014.

*/s/ Matthew D. Macy*
Matthew D. Macy
Georgia Bar # 464830
Attorney for Defendant First Investors
Servicing Corporation

Macy Law Firm, P.C.
1870 The Exchange, Suite 100 #11
Atlanta, GA 30339
(404) 704-0208 phone
(866) 631-4448 fax
macym@macylawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2014, I electronically filed the foregoing **ANSWER TO THE COMPLAINT BY DEFENDANT FIRST INVESTORS SERVICING CORPORATION** with the Clerk of Court using the CM/ECF system that will automatically send email notification of such filing to the following attorneys of record:

> Sergei Lemberg
> Lemberg Law, LLC
> 1100 Summer Street, Third Floor
> Stamford, CT 06905

> */s/ Matthew D. Macy*
> Matthew D. Macy
> Georgia Bar # 464830
> Attorney for Defendant First Investors
> Servicing Corporation

Macy Law Firm, P.C.
1870 The Exchange, Suite 100 #11
Atlanta, GA  30339-2021
(404) 704-0208 phone
(866) 631-4448 fax
macym@macylawfirm.com